O’Gorman, J.
The judgment is affirmed, with costs, on the opinion of the learned trial judge.
Sedgwick, Ch. J., and Freedman, J., concur.
The following is the opinion of the trial judge :
Truax, J.
The plaintiffs seek to recover for a loss that
they sustained upon goods that had been insured by the defendant under a policy of marine insurance. The goods were on board a steamer at the time the loss occurred.
The goods were insured against “perils of the sea, barratry of the master and mariners, and all other perils, losses and misfortunes that have or shall come to the hurt, *26 detriment or damage of the said goods and merchandise or any part thereof.”
The evidence shows that the steamer sank through the negligence of one of the mariners.
The negligence of the master or mariners was not one of the things insured against. Negligence is not barratry unless it be so gross as to amount to evidence of fraud. Atkinson v. The Great Western Ins. Co., 65 N. Y., 538. In this case there is no evidence of gross negligence.
There is nothing in the case which tends to show that the vessel was sunk through the willful or fraudulent act of the master or mariners, and it is settled that insurers are not responsible for the fault, negligence or misconduct of the master or mariners not amounting to barratry. Grim v. The Phenix Ins. Co., 13 Johns., 451.
No presumption arises from the fact that the vessel sank that she was unseaworthy at the time of the commencement of the voyage, because she sank after the voyage had ended, and the cause of her sinking is explained and is shown to have been something outside of the condition of the vessel. In other words, the evidence shows a cause of loss that excludes an inference of unseaworthiness. Berwind v. Greenwich Ins. Co., 53 Sup. Ct. Rep., 103.
It was agreed in the policy of insurance that the assured would subrogate to the insurer all their claims against the transporters of said merchandise not exceeding the amount paid by said insurers.
After malting this agreement with the insurers, the plaintiffs contracted with the transporters “That in case of any loss, detriment or damage to be sustained by any of the property herein receipted for during the transportation, whereby any legal liability or responsibility shall or may be incurred by the terms of this contract, the carrier shall have the full benefit of any insurance that may have been effected upon, or on account of said goods.”
The evidence shows that the goods were lost through the negligence of the transporters. This is enough to make them liable to the plaintiffs. And, therefore, by the above provision of the contract between the plaintiffs and the transporters, the transporters were entitled to the full benefit of this policy of insurance; but by the very terms of the policy of insurance it was agreed that the defendants, the insurers, should be subrogated to any claim that the plaintiffs might have against the transporters. But for this clause of the bill of lading the defendant would have a right of action against the carrier for damages.
This right of. action does not depend upon the implied right of subrogation; the contract which gives the defendants this right of action is express.
*27 It is an agreement between the plaintiffs and the defendants that the plaintiffs will assign to the defendants any cause of action that they may have against the carriers; but by the agreement above mentioned they have in effect released the carriers from any cause of action.
If the plaintiffs should recover in this suit compensation from the insurance company, the agreement in the bill of lading has made it impossible for plaintiffs to do what they agreed with the defendant they would do.
The plaintiffs allege that they gave to the defendant due notice and proof of loss, as required by the policy of insurance. This allegation is denied by the defendant.
There was no evidence given on the trial that would authorize me in finding that, as a matter of fact, the plaintiff did give to the defendant proof of loss; but there is evidence that would warrant me in finding, if such fact had been alleged in the complaint, that strict service of the proof of loss had been waived by the defendant. But as this allegation of waiver was not made in the complaint, I make no finding in regard to it.
It is well settled that a proof of loss is a condition precedent to maintaining the action, and that if the plaintiff relies on a waiver of the proof of loss, instead of upon the fact that proof of loss was made, such waiver must be alleged in the complaint and proved on the trial.
Judgment is ordered for the defendant, dismissing the complaint, with costs._